<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARVIN GOODWIN,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>T-MOBILE U.S. INC., *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-05655 (BRM) (MAH)<br><br>OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Marvin Goodwin's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1). Based on his affidavit of indigence (ECF No. 1-1), the Court grants him leave to proceed IFP and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, and for good cause appearing, the Complaint is **DISMISSED** in its entirety.

**I.　　BACKGROUND**

The Court will construe the allegations in the Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is a prisoner confined at Bergen County Jail in Hackensack, New Jersey. (*See* ECF No. 1.) Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against (1) T-Mobile U.S., Inc, (2) T-Mobile

LLC, (3) Patricia Cauldwell, Director-Legal Affairs, (4) Hector Esteves, Custodian of Records, (5) Rebecca Franklin, Custodian of Records, and (6) John/Jane Doe. (*Id.* at 8.)

In the Complaint, Plaintiff submits on February 23, 2020, narcotics officers conducted a controlled purchase between Plaintiff and a confidential informant for the purchase of 30 bricks of heroin. (*Id.* at 10.) Plaintiff alleges that following the controlled purchase, on May 1, 2020, August 17, 2020, September 23, 2020, and October 5, 2020, Defendant T-Mobile received and complied with communication information order ("CIO") warrants and a wiretap warrant, all of which had electronic signatures. (*Id.* at 4.) Plaintiff argues that Defendant T-Mobile "breached their own policy and procedures pertaining to electronic signatures when they decided to comply with the State's electronically signed court order. . . violat[ing] [Plaintiff's] due process rights." (*Id.* at 12.)

Plaintiff does not assert a specific request for relief.

## II.    LEGAL STANDARD

Per the Prison Litigation Reform Act, Pub. L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (emphasis added and citation omitted).

### III. DECISION

Plaintiff alleges Defendants violated his Fourteenth Amendment due process rights when they violated their own policy of not accepting warrants with electronic signatures.

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citations omitted). Nevertheless, "the deed of an ostensibly private organization or individual" at times may demand to be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Here, Plaintiff alleges no facts permitting the Court to find Defendants acted under the color of state law within the meaning of §1983 when Defendants allegedly violated their own policy of not accepting electronic signatures on warrants. Plaintiff appears to allege only that Defendants complied with court-approved police requests for information and that they violated their own private policy by doing so. There are no allegations that any of the named Defendants are "clothed with the authority of state law." *See Reichley v. Pa. Dep't of Agric.*, 427 F.3d 236, 244–45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216–17 (3d Cir. 2004). Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendants and the Complaint is dismissed without prejudice.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED without prejudice**. The Court shall give Plaintiff thirty days to file an amended complaint if he chooses to cure the deficiencies discussed above. An appropriate Order follows.

*/s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

Dated: July 3, 2024