<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARVIN GOODWIN, | |
| Plaintiff, | Case No. 24-5655 (BRM)(LDW) |
| v. | **OPINION** |
| T-MOBILE USA, INC., | |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Marvin Goodwin's ("Plaintiff") civil rights amended complaint ("Amended Complaint"), filed pursuant to 42 U.S.C. § 1983. (ECF No. 10.)

On July 3, 2024, after granting Plaintiff's application to proceed *in forma pauperis*, the Court screened Plaintiff's initial complaint for dismissal under 28 U.S.C. §§ 1915(e)(2)(B). (*See* ECF Nos. 3, 4.) The Court dismissed the initial complaint for failure to state a claim upon which relief could be granted. (*See id.*) The Court permitted Plaintiff to file an Amended Complaint.

Plaintiff has submitted his Amended Complaint. (ECF No. 10.) At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Complaint is **DISMISSED** in its entirety.

**I.    BACKGROUND**

The Court will construe the allegations in the Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Based on Plaintiff's

address on the docket, it appears that Plaintiff has been released to Tully House-Residential Reentry in Newark, New Jersey. Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against T-Mobile U.S., Inc. ("Defendant T-Mobile"). (ECF No. 10 at 1.)

In the Amended Complaint, Plaintiff submits that in October 2024, Defendant T-Mobile "wrongfully provided law enforcement access to Plaintiff's private cell phone records" based on "electronic signatures of what law enforcement purported to be judges." (*Id.* at 1.) Plaintiff alleges the unauthorized release of his record violated "the Stored Communicates Act; Plaintiff's privacy rights; and applicable consumer protection laws." (*Id.* at 2.)

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief. (*Id.* at 2–3.)

## II. LEGAL STANDARD

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To

2

survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DECISION

Plaintiff alleges Defendant T-Mobile violated his rights to privacy and the Stored Communications Act. (ECF No. 10 at 2.)

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*,

3

526 U.S. 40, 50 (1999) (citations omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may, at times, demand to be treated "as if a State has caused it to be performed." *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

Here, Plaintiff alleges no facts that would permit the Court to find Defendant T-Mobile acted under the color of state law within the meaning of §1983 when Defendant allegedly violated their own policy of not accepting electronic signatures on warrants. Plaintiff appears to allege only that Defendant complied with police requests for information and that they violated their own policy in doing so. There are no allegations that the named Defendant is "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244–45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216–17 (3d Cir. 2004). Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendant T-Mobile, and the Amended Complaint is dismissed without prejudice.

### IV. CONCLUSION

For the reasons set forth above, and for good cause having been shown, Plaintiff's Amended Complaint (ECF No. 10) is **DISMISSED without prejudice**. Plaintiff is granted thirty days to file a second amended complaint limited to curing the deficiencies discussed above. An appropriate Order follows.

*/s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

Dated: July 2, 2025