<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARVIN GOODWIN,<br><br>                    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>                    Defendant. | Case No. 2:24-cv-05655 (BRM) (LDW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Marvin Goodwin's ("Plaintiff") second amended complaint ("Second Amended Complaint"). (ECF No. 15.) Also before the Court are Plaintiff's motions for reconsideration of the Court's prior Opinion and Order. (ECF No. 17; ECF No. 18.) Having reviewed and considered same, for the reasons set forth below and for good cause having been shown, the Second Amended Complaint is **DISMISSED**, and the motions for reconsideration are **DISMISSED** as moot.

**I.     BACKGROUND**

    **A.  Factual Background**

The Court will construe the allegations in the Second Amended Complaint as true for the purpose of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Second Amended Complaint raises claims under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510–2523,[1] and the Stored Communications Act, 18 U.S.C. §§ 2701–2712, as well as

---

[1] Plaintiff indicates he is raising claims under the Electronic Communications Privacy Act codified at 18 U.S.C. §§ 2701–2712. (*See* ECF No. 15 at 2–3.) However, the Electronic Communications Privacy Act is codified at 18 U.S.C. §§ 2510–2523.

a state law breach of contract claim. (ECF No. 15 at 2–3.) Plaintiff brings his claims against T-Mobile USA, Inc. ("Defendant T-Mobile"). (*Id.* at 1.)

In the Second Amended Complaint, Plaintiff submits in October 2024, he discovered Defendant T-Mobile "wrongfully provided law enforcement access to Plaintiff's private cell phone records" based on "electronic signatures which law enforcement purported to be those of judges." (*Id.* at 2.) Plaintiff alleges the unauthorized release of his phone records violated "the Stored Communicates Act; Plaintiff's privacy rights; and applicable consumer protection laws." (*Id.* at 2.) Plaintiff seeks compensatory and punitive damages, as well as injunctive relief. (*Id.* at 2–3.)

### B. Procedural History

On July 3, 2024, after granting Plaintiff's application to proceed *in forma pauperis*, the Court screened Plaintiff's initial complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). (*See* ECF No. 3; ECF No. 4.) The Court dismissed the initial complaint for failure to state a claim upon which relief could be granted. (*See id.*) The Court permitted Plaintiff to file an amended complaint. On October 11, 2024, Plaintiff filed his first amended complaint. (ECF No. 10.) On July 2, 2025, the Court screened the first amended complaint under 28 U.S.C. § 1915(e)(2)(B) and dismissed the amended complaint without prejudice. (ECF No. 11; ECF No. 12.) The Court provided Plaintiff with leave to file a second amended complaint. (*See id.*)

On August 12, 2025, Plaintiff submitted his Second Amended Complaint. (ECF No. 15.) Subsequent to the filing of his Second Amended Complaint, Plaintiff filed two motions for reconsideration of the Court's July 2, 2025, Opinion and Order dismissing Plaintiff's first amended complaint upon screening. (ECF No. 17; ECF No. 18.) As the Court provided Plaintiff with leave to file his Second Amended Complaint, and the Second Amended Complaint re-raises the claims

in his first amended complaint, the Court will accept the Second Amended Complaint for filing and will dismiss the motions for reconsideration as moot.

At this time, the Court must review the Second Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Second Amended Complaint should be dismissed in its entirety.

## II.   LEGAL STANDARD

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DECISION

Plaintiff alleges Defendant T-Mobile violated his rights under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510–2523, the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701–2712, and state law for breach of contract. (ECF No. 15 at 2–3.)

#### A. Electronic Communications Privacy Act

Plaintiff alleges Defendant T-Mobile violated the ECPA, also referred to as the Federal Wiretap Act, by "disclosing Plaintiff's private communications without valid legal process." (*Id.* at 3.)

A plaintiff pleads a prima facie case under the ECPA by "showing that the defendant '(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device.'" *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 135 (3d Cir. 2015) (quoting *In re Pharmatrak, Inc. Priv. Litig.*, 329 F.3d 9, 18 (1st Cir. 2003)). The ECPA provides a private remedy against an individual who "intercepts" private electronic communication. 18 U.S.C. § 2511; *see also* 18 US.C. § 2510(4); *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 113 (3d Cir. 2003), *as amended* (Jan. 20, 2004). A defendant is only liable when he or she "intercept[s]" information "contemporaneously with [its] transmission." *Fraser*, 352 F.3d at 113.

Plaintiff alleges only Defendant T-Mobile unlawfully provided law enforcement with his phone records. (ECF No. 15 at 2.) Plaintiff fails to allege facts to support a claim that Defendant illegally intercepted Plaintiff's private phone calls contemporaneously with their transmission. Plaintiff alleges no facts that Defendant intercepted Plaintiff's phone calls in any way. As such, Plaintiff fails to state a claim upon which relief can be granted under ECPA, and this claim will be dismissed without prejudice.

### B. Stored Communications Act Claim

Plaintiff raises a claim against Defendant T-Mobile for a violation of the SCA. (ECF No. 15 at 3.) Plaintiff submits Defendant provided law enforcement access to Plaintiff's private cell phone records based on warrants with electronic signatures that law enforcement officers "purported to be those of judges." (*See* ECF No. 1 at 5; ECF No. 15 at 2.) Plaintiff appears to allege Defendant violated their own internal policies regarding electronic signatures because the signatures did not actually belong to judges. (ECF No. 15 at 2.)

Stating a claim under the SCA requires a plaintiff to show the defendant "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system." *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d at 145–56 (quoting 18 U.S.C. § 2701(a))).

Plaintiff fails to plead facts to state a SCA claim. The Court construes the Second Amended Complaint as alleging Defendant T-Mobile exceeded its authority to access its own facility and obtained Plaintiff's stored electronic communications for law enforcement. Plaintiff claims Defendant T-Mobile provided law enforcement with his phone records. Plaintiff also appears to

allege Defendant T-Mobile acted upon warrants that had false judge signatures. Plaintiff fails to provide any facts regarding how the signatures were false. Plaintiff also fails to allege facts that Defendant knew the signatures did not belong to a judge. The Second Amended Complaint fails to plead sufficient facts to show the Defendant T-Mobile exceeded its authority when it complied with a signed warrant and provided Plaintiff's phone records to law enforcement. As such, Plaintiff fails to sufficiently plead a SCA claim, and said claim will be dismissed without prejudice.

As the Court will dismiss without prejudice Plaintiff's federal claims, the Court therefore declines supplemental jurisdiction over Plaintiff's state law breach of contract claim. That claim is therefore dismissed without prejudice at this time.

## IV.    CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's Second Amended Complaint (ECF No. 15) without prejudice. As the Court has reviewed Plaintiff's Second Amended Complaint, the Court will dismiss as moot the motions for reconsideration (ECF No. 17; ECF No. 18). The Court shall give Plaintiff thirty days to file a third amended complaint if he chooses to cure the deficiencies discussed above. An appropriate Order follows.

*/s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2026